# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

XEZAVION TAYLOR                                                      PLAINTIFF

v.                                                                 No. 4:11CV39-A-A

MILTON GASTON, ET AL.                                      DEFENDANTS

## REPORT AND RECOMMENDATION

On April 20, 2011, plaintiff Xezavion Taylor, an inmate in the custody of the Washington County Jail, appeared before the undersigned for a hearing as set forth in *Spears v. McCotter,* 766 F.2d 179 (5th Cir. 1985), to determine whether there exists a justiciable basis for his claim filed under 42 U.S.C. § 1983. A plaintiff's claim will be dismissed if "it lacks an arguable basis in law or fact, such as when a prisoner alleges the violation of a legal interest that does not exist." *Martin v. Scott*, 156 F.3d 578 (5th Cir. 1998) (citations omitted). The Prison Litigation Reform Act applies to this case because the plaintiff was incarcerated when he filed this lawsuit.[1]

### Denial of Adequate Medical Care

Starting on July 17, 2010, and continuing through July 22, 2010, the defendants would not provide any medical care to the plaintiff for severe back pain shooting into his legs – accompanied by numbness in his legs. The pain left Taylor unable to stand, and rolling over caused the shooting pain and numbness. Dr. Dial visited Taylor on July 22, 2010, simply looked at Taylor's back without examining it and remarked to the officer and his supervisor that Taylor was "faking it." Dr. Dial did, however prescribe muscle relaxants and pain medication. Finally, after complaining to Officers Shaw, Springfield, Clay, and Addison (and anyone else who would

---

[1] 28 U.S.C. § 1915(g).

listen), the plaintiff was finally seen on July 26, 2010 by a doctor at the Family Medical Center who performed an adequate examination. That doctor referred Taylor to the emergency room, where another doctor diagnosed Taylor with a palpable cyst on his spine, which was pushing nerves into his spine and causing the shooting pain and numbness. The emergency room doctor recommended removal of the cyst to relieve the pressure, but the jail refused to pay for the procedure. Thus, instead of removing the cyst, the doctor lanced and drained it, giving Taylor partial relief. Jail personnel no longer respond to Taylor's requests for medical treatment. The only treatment he receives for his back injury is ibuprofen, which gives no relief at all from the pain. Taylor fears that a delay in the surgery could lead to permanent nerve damage and chronic back pain. The county refuses to pay for the surgery because the cost is very high. The plaintiff has stated a constitutional claim with these allegations, and process will issue as to all defendants on this claim.

### Denial of Access to the Courts

As Taylor has adequate access to the courts through counsel appointed to defend his criminal case – and as he has alleged no harm from lack of access to a legal library – his claim for denial of access to the courts should be denied. Under the Supreme Court's decision in *Bounds v. Smith*, 430 U.S. 817, 821 (1977), prisoners possess a constitutional right of access to courts, including having the "ability . . . to prepare and transmit a necessary legal document to court." *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996), quoting *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993), *cert. denied*, 510 U.S. 1123 (1994). The right of access to the courts is limited to allow prisoners opportunity to file nonfrivolous claims challenging their convictions or conditions of confinement. *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999). "Interference with a prisoner's right to access to the courts, such as delay, may result in a constitutional

deprivation." *Chriceol v. Phillips*, 169 F.3d 313, 317 (5th Cir. 1999) (citations omitted).

However, "[a] denial-of-access-to-the-courts claim is not valid if a litigant's position is not prejudiced by the alleged violation." *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998); *Henthorn v. Swinson*, 955 F.2d 351, 354 (5th Cir. 1992), *cert. denied,* 504 U.S. 988 (1992), citing *Richardson v. McDonnell*, 841 F.2d 120, 122 (5th Cir. 1988). It is only when a prisoner suffers some sort of actual prejudice or detriment from denial of access to the courts that the allegation becomes one of constitutional magnitude. *Walker v. Navarro County Jail*, 4 F.3d 410, 413 (5th Cir. 1993); *see Howland v. Kilquist*, 833 F.2d 639, 642 (7th Cir. 1987). To prove his claim, a plaintiff must show real detriment – a true denial of access – such as the loss of a motion, the loss of a right to commence, prosecute or appeal in a court, or substantial delay in obtaining a judicial determination in a proceeding. *See Oaks v. Wainwright*, 430 F.2d 241 (5th Cir. 1970).

An inmate's right of access to the courts may be fulfilled in ways other than access to a law library. *Lewis v. Casey*, 518 U.S. 343, 351,116 S.Ct. 2174, 2180 (1996). The right of access to the courts is not "an abstract, freestanding right to a law library or legal assistance[;] an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." *Id*. In this case, Taylor's access to the courts is through the counsel appointed him, "[f]or, once the State has provided a petitioner with an attorney in postconviction proceedings, it has provided him with the 'capability of bringing contemplated challenges to sentences or conditions of confinement before the courts.'" *Lamp v. Iowa*, 122 F.3d 1100, 1106 (8th Cir.1997), quoting *Lewis v. Casey*, 518 U.S. 343, 356 (1996); *see also Schrier v. Halford*, 60 F.3d 1309, 1313-1314 (8th Cir.1995) (having appointed counsel is one way in which state can shoulder its burden of assuring access to the courts); *Sanders v. Rockland County Correctional Facility*, No. 94 Civ. 3691, 1995 WL

479445 at *2 (S.D.N.Y. Aug. 14, 1995) ("By the appointment of counsel, plaintiff was afforded meaningful access to the courts in his trial.") When a state provides adequate legal assistance to a prisoner, the state has fulfilled its obligation to provide him access to the courts – and need not provide access to a law library. "Inmates are entitled to either adequate law libraries or adequate assistance from persons trained in the law, but certainly not both." *Meeks v. California Dep't of Corrections*, 1993 WL 330724 (9th Cir. Aug. 31, 1993), citing *Bounds*, 430 U.S. at 828. Taylor had counsel appointed to defend him against criminal charges; as such, he has adequate access to the courts. For these reasons, the plaintiff's claim of denial of access to the courts should be dismissed for failure to state a constitutional claim.

In sum, all of the plaintiff's claims – except denial of medical care for his back ailment – should be dismissed, and process should issue for all defendant as to the remaining claim.

### Handling of Objections, Acknowledgment of Receipt

The appropriate procedures for filing objections to these findings and recommendations are found in 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b). Objections must be in writing and must be filed within fourteen (14) days of this date, and "a party's failure to file written objections to the findings, conclusions, and recommendation in a magistrate judge's report and recommendation within [14] days after being served with a copy shall bar that party, except on grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court . . . ." *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*)(citations omitted); *see also United States v. Carrillo-Morales*, 27 F.3d 1054, 1061-62 (5th Cir. 1994), *cert. denied*, 513 U.S. 1178, 115 S.Ct. 1163, 130 L. Ed. 1119 (1995).

The plaintiff must acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the clerk of the court within fourteen (14) days of this date. *Failure to comply with the requirements of this paragraph may lead to dismissal of this lawsuit under Fed. R. Civ. P. 41(b) for failure to prosecute the claim and for failure to comply with an order of the court.*

Respectfully submitted this the 21st day of September, 2011.

/s/ S. Allan Alexander
UNITED STATES MAGISTRATE JUDGE