**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**XEZAVION TAYLOR**                                                            **PLAINTIFF**

**v.**                                            **NO. 4:11CV39-A-A**

**MILTON GASTON, ET AL.**                                        **DEFENDANTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of Xezavion Taylor, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The defendants have moved for summary judgment, and Taylor has responded. The matter is ripe for resolution. For the reasons set forth below, the motion by the defendants for summary judgment will be granted and judgment entered for the defendants.

**Summary Judgment Standard**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). "The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden." *Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629, 633 (5th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), *cert. denied*, 484 U.S. 1066 (1988)). After a proper motion for summary judgment is made, the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue

for trial. *Anderson v. Liberty Lobby,* Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Beck*, 204 F.3d at 633; *Allen v. Rapides Parish School Bd.*, 204 F.3d 619, 621 (5th Cir. 2000); *Ragas v. Tennessee Gas Pipeline Company*, 136 F.3d 455, 458 (5th Cir. 1998). Substantive law determines what is material. *Anderson*, 477 U.S. at 249. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*, at 248. If the non-movant sets forth specific facts in support of allegations essential to his claim, a genuine issue is presented. *Celotex*, 477 U.S. at 327. "Where the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 89 L. Ed. 2d 538 (1986); *Federal Savings and Loan, Inc. v. Krajl*, 968 F.2d 500, 503 (5th Cir. 1992). The facts are reviewed drawing all reasonable inferences in favor of the non-moving party. *Allen*, 204 F.3d at 621; *PYCA Industries, Inc. v. Harrison County Waste Water Management Dist.*, 177 F.3d 351, 161 (5th Cir. 1999); *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1198 (5th Cir. 1995). However, this is so only when there is "an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *see Edwards v. Your Credit, Inc.*, 148 F.3d 427, 432 (5th Cir. 1998). In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted).

**Undisputed Material Facts**[1]

Xezavion Taylor entered the Washington County, Mississippi Jail on June 17, 2009. On July 22, 2010, he completed a Sick Call Request with the following complaint:

> My back has been hurting for several days and the pain has been progressing. I can't stand up straight or lay on my back. When I move a certain way pain shoots from my lower back to my feet. It's also a knot at the bottom of my spine that is very sore. Please help. I can't do anything.

See Bates No. WCM-39 of Inmate File attached to Gaston Affidavit. Taylor was treated by Dr. John Dial on that date and prescribed three medications, Flexiril, Ibuprofen and Bactrim. *Id.*, WCM-38, 39. The next day, on July 23, 2010, Taylor condition had worsened and Jailer Clayton Williams of the Washington County Jail completed a Request Slip for Medical Care. See Bates No. GFMC 15 of the Greenville Family Medical Clinic Records, Exhibit B. Taylor was taken the same day to Greenville Family Medical Clinic and diagnosed with a pilonidal abscess. *Id.*, GFMC 6. Because it required a surgical procedure, he was recommended to go to the emergency room, a decision approved by Assistant Chief Billy Barber of the Washington County Sheriff's Department. *Id.*, GFMC 12. Taylor was immediately transported to the emergency department at Delta Regional Medical Center and was examined by an emergency room physician who diagnosed Taylor with a pilonidal abscess on his sacral area. See Bates DRMC 8, Exhibit C. The physician performed an incision and drainage of the abscess. *Id.*, DRMC 11. Taylor was discharged with instructions and directions of care to the abscess. *Id.*, DRMC 12, 16.

---

[1] The citations can be found in the defendants' Memorandum in Support of Summary Judgment" and are denoted in the following way: Washington County Inmate File ("WCM"), Greenville Family Medical Clinic ("GFMC"), and Delta Regional Medical Center ("DRMC"). The pages are Bates stamped.

He was returned to Greenville Family Medical Clinic on July 26, 2010, and was examined by Dr. Pulliam, whose only recommendations was that Taylor "continue present medications" and return for follow up treatment. See GFMC 6, 10-11, Exhibit B. Taylor returned to Greenville Family Medical Clinic on July 30, 2010, and the physician recommended the same course of treatment. Id., GFMC 6, 8-9. Taylor received his medications on a daily basis during the entire course of treatment. See WCM 19-20, Exhibit A.

## Denial of Medical Treatment

Given the detailed records of Taylor's treatment for his condition during his stay at the Washington County Jail, his claim that he was denied adequate medical treatment must fail. In order to prevail on an Eighth Amendment claim for denial of medical care, a plaintiff must allege facts which demonstrate "deliberate indifference to the serious medical needs of prisoners [which] constitutes 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment . . . whether the indifference is manifested by prison doctors or prison guards in intentionally denying or delaying access to medical care . . . ." *Estelle v. Gamble*, 429 U.S. 97, 104-105, 50 L. Ed. 2d 251, 260 (1976); *Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992). The test for establishing deliberate indifference is one of "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Under this standard, a state actor may not be held liable under 42 U.S.C. § 1983 unless plaintiff alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 838. Only in exceptional circumstances may knowledge of substantial risk of serious harm be inferred by a

court from the obviousness of the substantial risk. *Id*. Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668 (1986). This same subjective deliberate indifference standard has been applied to pre-trial detainees under the Fourteenth Amendment as well as convicted inmates under the Eighth Amendment. *See Hare v. City of Corinth*, 74 F.3d 633, 648 (5th Cir. 1996).

In cases such as the one at bar, arising from delayed medical attention rather than a clear denial of medical attention, a plaintiff must demonstrate that he suffered substantial harm resulting from the delay in order to state a claim for a civil rights violation. *Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993); *Campbell v. McMillin*, 83 F. Supp. 2d 761 (S.D. Miss. 2000). A prisoner's mere disagreement with medical treatment provided by prison officials does not state a claim against the prison for violation of the Eighth Amendment by deliberate indifference to his serious medical needs. *Gibbs v. Grimmette*, 254 F.3d 545 (5th Cir.2001), *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997).

As set forth above in the recitation of the facts in this case, Taylor received treatment – including surgery – for the cyst on his back. Though he claims that he requested treatment on July 17, 2010, but did not receive it until July 22, there is no entry in his medical records to show that he actually submitted a written medical request on the forms provided by the jail. Certainly Taylor understood how to use the request forms, as he frequently sought medical treatment for various ailments and illnesses during his stay at the Washington County Jail. Even if he had requested treatment on the proper form on July 17, the small delay until July 22 is insufficient to state a constitutional claim, as Taylor was then properly diagnosed and treated. The Fifth Circuit

has held far more egregious cases of medical neglect of prisoners not to constitute a valid claim of denial of medical care under 42 U.S.C. § 1983. *See*, *e.g., Stewart v. Murphy*, 174 F.3d 530 (5th Cir. 1999) (no claim for denial of medical care when prisoner plaintiff died because prison medical staff ignored plaintiff's condition and failed to carry out course of treatment ordered). In *Stewart*, the Fifth Circuit found that because the plaintiff was repeatedly given some treatment, even though it was the wrong treatment, and late, the plaintiff could make out only a case of negligence, which does not rise to the level of deliberate indifference. *Stewart*, 174 F.3d at 537.

On July 22, 2010, Taylor sought medical treatment for a painful back which had bothered him for several days. He said that the discomfort had progressed to the point where he had shooting pain down to his feet – and that a "knot" on the bottom of his spine was very sore. He was examined that day by Dr. Dial, who thought he was malingering. Despite his suspicions, Dr. Dial prescribed Flexiril (a muscle relaxant), 600 mg ibuprofen, and Septic DS (medication for a urinary tract infection). As this treatment did little to help Taylor, he was transported to the Greenville Family Medical Clinic the next day, where he was diagnosed with a pilonidal cyst, which required surgery to treat. He was then transported to the Delta Regional Medical Center, where he underwent surgery to incise and drain the abscess. He was discharged with a treatment plan, instructions on caring for the healing abscess, and prescriptions to aid his recovery. He received his medication on the schedule prescribed. He visited the Delta Regional Medical Center twice more for follow-up.

By any rational measure, Xezavion Taylor received adequate medical care for his abscess. He would like to have received a different course of treatment – removal of the cyst –

but his mere disagreement with medical treatment does not state a constitutional claim. *Gibbs v. Grimmette*, 254 F.3d 545 (5th Cir.2001). Certainly, this set of facts does not reach the high bar set by *Stewart v. Murphy*, 174 F.3d 530 (5th Cir. 1999). Thus, the sole remaining claim in this case is without merit. The motion by the defendants for summary judgment will be granted and judgment entered for the defendants. A final judgment consistent with this memorandum opinion will issue today.

    **SO ORDERED,** this the 10th day of October, 2012.

                                      **/s/ Sharion Aycock**
                                      **U.S. DISTRICT JUDGE**